■ DAVIS CONSTRUCTION CORPORATION et al., Respondents, v COUNTY OF SUFFOLK et al., Appellants. — In an action for a declaratory judgment and for injunctive relief, defendants appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Wager, J.), dated March 4, 1982, which, *inter alia,* declared that Local Law No. 8 of 1981 of the County of Suffolk is invalid, and enjoined the District Attorney of Suffolk County and his agents from proceeding as legal representatives of the County of Suffolk pursuant to said local law. Order and judgment affirmed, without costs or disbursements. In a civil action brought by Suffolk County in the United States District Court for the Eastern District of New York against the respondents and others, Suffolk County is represented by Mark D. Cohen and James J. O'Rourke, III, who are Assistant District Attorneys in Suffolk County, and who also have been deputized as Special Assistant County Attorneys by the County Attorney. Mr. Cohen and Mr. O'Rourke derive their authority to represent Suffolk County in that civil action from both Local Law No. 8 of 1981 of the County of Suffolk and their deputization as Special Assistant County Attorneys. At issue here is the validity of Local Law No. 8 of 1981, which provides, in pertinent part: "[T]he District Attorney shall have the power, authority and duty to act as attorney and counselor for the County and its agencies, districts and offices in all civil proceedings and matters relating, directly or indirectly, to the institution of civil actions to compensate or remedy any injuries committed against the County and its agencies, districts and offices in connection with the planning, financing and construction of the Suffolk County public works project known as the Southwest Sewer District No. 3. He shall have sole power and authority to bring, defend, settle and compromise any and all civil complaints, causes of action, counterclaims and cross-claims in any jurisdiction, court or forum he shall deem appropriate, pursuant to Title 18 U.S.C., Section 1961, *et seq.,* state and federal, common and statutory law". Special Term held that this local law is inconsistent with subdivision 1 of section 700 of the County Law, and therefore is invalid. Appellants assert that the validity of Local Law No. 8 of 1981 is an academic question, because, notwithstanding the validity of that local law, Mr. Cohen and Mr. O'Rourke may still proceed in the civil action pending in Federal District Court in their capacities as Special Assistant County Attorneys. However, Local Law No. 8 of 1981, which grants "sole power and authority" over all civil actions relating to the project known as Southwest Sewer District No. 3 to the District Attorney, has consequences beyond the fact that Mr. Cohen and Mr. O'Rourke are prosecuting a civil action against these respondents. As Special Assistant County Attorneys, Mr. Cohen and Mr. O'Rourke are under the supervision of the County Attorney, but if

they proceed pursuant to Local Law No. 8 of 1981, they will act solely under the supervision of the District Attorney. Therefore, the question of the validity of Local Law No. 8 of 1981 cannot be dismissed as academic. We perceive no inconsistency between Local Law No. 8 of 1981 and subdivision 1 of section 700 of the County Law. Although that subdivision states, in the conjunctive, that the District Attorney "shall perform such additional and related duties as may be prescribed by law and directed by the board of supervisors", it cannot be said that the intent thereof was to restrict the authority of District Attorneys to duties which have been both mandated by statute and directed by the board of supervisors. A general rule of statutory construction is that "the words 'or' and 'and' in a statute may be construed as interchangeable when necessary to effectuate legislative intent" (see McKinney's Cons Laws of NY, Book 1, Statutes, § 365). In this instance, "and" must be read as "or" to insure that subdivision 1 of section 700 of the County Law does not run afoul of other statutory provisions which mandate that District Attorneys perform certain duties with or without direction from the board of supervisors (see, e.g., Public Health Law, § 3388, subd 4; Tax Law, § 477-a, subd 3). Nor do we agree with the conclusion of Special Term that "the state has precluded or pre-empted the possibility of local regulation relating to the duties of the office" of District Attorney. The Legislature's adoption of a comprehensive and detailed statutory scheme may demonstrate a design to pre-empt the subject matter thereof and prohibit additional regulation by local authorities on that subject (see *Robin v Incorporated Vil. of Hempstead,* 30 NY2d 347, 350), but no comprehensive scheme has been enacted in this instance. Nevertheless, Local Law No. 8 of 1981 of the County of Suffolk is invalid, because it is inconsistent with subdivision 1 of section 501 of the County Law, and section 1502 of the Suffolk County Charter, both of which provide, in pertinent part: "The county attorney shall prosecute and defend all civil actions and proceedings brought by or against the county". A local law which is inconsistent with a general law cannot stand (see *Wholesale Laundry Bd. of Trade v City of New York,* 17 AD2d 327, affd 12 NY2d 998; 1974 Opns Atty Gen [Inf Opns] 84). Section 501 of the County Law "may not be changed, amended, or superseded by a local law" transferring the duties of the County Attorney to another office (see 16 Opns St Comp, 1960, pp 178-179; see, also, 1970 Opns Atty Gen [Inf Opns] 103). In a situation where the county wishes to delegate certain functions of the County Attorney to another individual, the legislative body of the county generally may authorize the appointment of one or more Assistant County Attorneys to whom those functions may be delegated (see 1970 Opns Atty Gen [Inf Opns] 103, 104). The question of whether the deputization of Mr. Cohen and Mr. O'Rourke as Special Assistant County Attorneys was improper in this instance, owing to a conflict of interest, is not before us. That question is properly left to the Federal District Court where the civil action against respondents is pending. Lazer, J. P., O'Connor, Bracken and Brown, JJ., concur.