SECOND DEPARTMENT, NOVEMBER, 1986

(November 3, 1986)

■ SIHAM ABED, Respondent, v ZACH ASSOCIATES et al., Appellants.

The plaintiff properly commenced this action for a declaratory judgment in the Supreme Court, notwithstanding the fact that there was a separate suit pending in the Civil Court of the City of New York involving the plaintiff's husband and the defendant, Zach Associates. A request for relief in the form of a declaratory judgment may not be refused simply because of the pendency of a separate action if all legal and factual issues cannot be disposed of in the pending suit or if the controversy will not necessarily be determined therein (see, Davis Constr. Corp. v County of Suffolk, 112 Misc 2d 652, affd 95 AD2d 819). The remedy sought in the instant action is one which may only be issued by the Supreme Court (see, CPLR 3001). Accordingly, since the plaintiff could not have been awarded the relief she seeks in the pending Civil Court proceeding, the defendants' assertion that she should have been precluded from commencing this action by virtue of the Civil Court action is without merit.

Turning to the merits of this case, we find that an issue of fact exists with respect to the circumstances surrounding the plaintiff's failure to sign the original and renewal leases. The defendants' cross motion for summary judgment was, therefore, properly denied.

In addition, we find that Special Term properly granted the plaintiff's motion for a temporary injunction inasmuch as the record clearly indicates that it was necessary to maintain the status quo pending a determination on the merits (see, Margolies v Encounter, Inc., 42 NY2d 475; Schlosser v United Presbyt. Home, 56 AD2d 615). Thompson, J. P., Weinstein, Lawrence and Eiber, JJ., concur.