■ PATRICIA ROHAN, Appellant, v NORTH MAIN STREET DEVELOPMENT CORP., Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Miller, J.), dated January 14, 1988, which granted that branch of the defendant's motion which was to dismiss the complaint.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, with direction to refer the case to the Workers' Compensation Board for a factual hearing to determine the rights, if any, of the plaintiff to benefits under the provisions of the Workers' Compensation Law; and it is further,

Ordered that trial of this action is stayed pending the determination by the Workers' Compensation Board as to whether the plaintiff is entitled to benefits.

The plaintiff employee brought this action against the de-

fendant employer for injuries she sustained three hours after going off duty. The injury occurred on the employment premises in an area restricted to employees, while the plaintiff was waiting for a ride home from work, and was attributable to the actions of a coemployee. The defendant moved (a) to dismiss the complaint pursuant to CPLR 3212 and Workers' Compensation Law §§ 11 and 29 (6), on the grounds that workers' compensation was the plaintiff's exclusive remedy, or, alternatively (b) to stay all legal proceedings pursuant to CPLR 2201 and to refer the matter to the Workers' Compensation Board pursuant to Workers' Compensation Law §§ 11 and 29 (6).

It is well accepted that "primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board and that it is therefore inappropriate for the courts to express views with respect thereto pending determination by the board" (Botwinick v Ogden, 59 NY2d 909, 911; O'Rourke v Long, 41 NY2d 219). The instant case should be referred to the Workers' Compensation Board for a factual hearing at which evidence will be received, and upon which the Board can make a reasoned, factual determination as to whether the plaintiff has a valid claim for damages or whether she is relegated to benefits under the Workers' Compensation Law (see, Smalls v Kaufmann, 112 AD2d 986; Gyory v Radgowski, 89 AD2d 867). If the Board determines that the plaintiff was not injured in the course of her employment, its determination will be binding on the court provided that an opportunity to be heard is afforded to the employer (O'Rourke v Long, supra). In the event the Board determines that the plaintiff was injured in the course of her employment, then the complaint in the instant action should be dismissed and the plaintiff may pursue a workers' compensation claim. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.