■ LORRAINE K. PRYHUBER, Appellant, v MAFFUCCI STORAGE CORP., Respondent.—In an action, *inter alia,* to recover damages for breach of a shipping contract, the plaintiff appeals

from an order and judgment (one paper) of the Supreme Court, Nassau County (Di Noto, J.), entered December 1, 1988, which granted the defendant's motion for summary judgment, and thereupon dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff instituted this action to recover $25,000 in damages from the defendant for alleged loss of and alleged damage to her household effects incurred while the defendant was transporting them from her former residence to her new residence. The plaintiff alleged in her complaint that the loss of and damage to the goods were caused by the defendant's negligence and its breach of the terms of the bill of lading governing the shipment.

In its answer the defendant asserted, *inter alia,* the affirmative defense that its liability was subject to and limited by the terms and conditions of the agreement between the parties and the bill of lading, and the plaintiff failed to comply with a condition precedent requiring the timely filing of a written notice of claim. The bill of lading covering the subject shipment provided: "As a condition precedent to recovery, claims must be filed in writing with the * * * carrier * * * within nine months after delivery of the property * * * and suit shall be instituted against any carrier only within two years and one day from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim * * *. Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid".

The defendant thereafter moved for summary judgment on the ground that the plaintiff failed to file a timely written notice of claim. The supporting affidavits of the defendant's operations manager and its attorney sufficiently established its affirmative defense so as to entitle it to judgment in its favor as a matter of law *(see,* CPLR 3212 [b]; *Olan v Farrell Lines,* 64 NY2d 1092; *Zuckerman v City of New York,* 49 NY2d 557, 563).

In opposition, the plaintiff submitted the affirmation of her attorney to which several documents were attached. Although the affirmation of an attorney based upon documentary evidence has probative value to defeat a motion for summary judgment *(see, e.g., Zuckerman v City of New York, supra; Weingarten v Marcus,* 118 AD2d 640, 641), the opposing papers at bar did not supply the necessary evidentiary showing to

successfully resist the motion *(see,* CPLR 3212 [b]). At most, the plaintiff's opposing papers indicate that the defendant had knowledge of the plaintiff's allegation of goods lost and damaged in shipping. However, neither the attorney's affirmation nor the documents attached thereto demonstrate the plaintiff's compliance with the written notice of claim requirement in the bill of lading. Accordingly, summary judgment was properly granted to the defendant *(see, Ballen v Aero Mayflower Tr. Co.,* 144 AD2d 407, 409). Thompson, J. P., Brown, Sullivan and Miller, JJ., concur.