■ HUNTER SPORTS SHOOTING GROUNDS, INC., Appellant, v BRIAN X. FOLEY et al., Constituting the TOWN BOARD OF THE TOWN OF BROOKHAVEN, Respondents, and COUNTY OF SUFFOLK, Appellant. [901 NYS2d 92]—

In an action, inter alia, for a judgment declaring that the defendants' actions in enforcing a Town of Brookhaven noise ordinance against the plaintiff are unconstitutional, the defendant County of Suffolk appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Weber, J.), dated January 30, 2009, as denied the plaintiff's cross motion for summary judgment on the first, second, third, and sixth causes of action against the defendants Brian X. Foley, Steve Fiore-Rosenfeld, Kevin T. McCarrick, Kathleen E. Walsh, Connie Kepert, Carol Bissonette, and Timothy P. Mazzei, constituting the Town Board of the Town of Brookhaven, and, sua sponte, directed the Town of Brookhaven to add the County of Suffolk as a defendant on any and all of the subject noise complaints now pending in the Sixth District Court, Suffolk County, and, sua sponte, directed the Town of Brookhaven to name the County of Suffolk as a defendant in any future prosecution for alleged noise violations under the Brookhaven Town Code concerning the subject shooting range or the plaintiff, and (2) an order of the same court dated June 3, 2009, which denied its motion to vacate the January 30, 2009, order and for leave to reargue the plaintiff's cross motion for summary judgment on the first, second, third, and sixth causes of action, and the plaintiff separately appeals, as limited by its brief, from so much of the order dated January 30, 2009, as denied its cross motion for summary judgment on the first, second, third, and sixth causes of action and, sua sponte, dismissed the action in its entirety.

Ordered that the appeal by the County of Suffolk from so much of the order dated January 30, 2009, as denied the plaintiff's cross motion for summary judgment is dismissed, without costs or disbursements, as that defendant is not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the appeal by the County of Suffolk from so much of the order dated June 3, 2009, as denied that branch of its motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that on the Court's own motion, the notice of appeal by the County of Suffolk from so much of the order dated January 30, 2009, as, sua sponte, directed the Town of Brookhaven to add the County of Suffolk as a defendant on any and all of

the subject noise complaints now pending in the Sixth District Court, Suffolk County, and, sua sponte, directed the Town of Brookhaven to name the County of Suffolk as a defendant in any future prosecution for alleged noise violations under the Brookhaven Town Code concerning the subject shooting range or the plaintiff, is treated as an application for leave to appeal from those portions of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that on the Court's own motion, the notice of appeal by the plaintiff from so much of the order dated January 30, 2009, as, sua sponte, dismissed the instant action in its entirety is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated January 30, 2009, is reversed insofar as reviewed, on the law, the facts, and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith; and it is further,

Ordered that the appeal by the County of Suffolk from so much of the order dated June 3, 2009, as denied that branch of its motion which was to vacate the order dated January 30, 2009, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated January 30, 2009.

The plaintiff operates a trap and skeet shooting range on county-owned lands as the licensee of the County of Suffolk (hereinafter the County). In November and December 2006, the Town of Brookhaven commenced a series of proceedings in the Sixth District Court, Suffolk County (hereinafter the District Court), alleging that the plaintiff was in violation of the Town's noise ordinance (i.e., chapter 50 of the Brookhaven Town Code) at various times. The plaintiff then commenced this action, inter alia, for a judgment declaring that the Town's actions in enforcing the noise ordinance against it were unconstitutional. In a prior order dated May 8, 2007, the Supreme Court directed that the County, as the owner of the land where the plaintiff operated its business, be joined as a necessary party. The Town subsequently moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment in its favor on the first, second, third, and sixth causes of action. The County did not submit any papers with respect to either the motion or the cross motion. In an order dated January 30, 2009, the Supreme Court, sua sponte, dismissed the action on a ground not raised by the Town, i.e., that the resolution of

the instant matter should be left to the discretion of the District Court wherein the prosecution of the alleged noise ordinance violations were pending. In the same order, the Supreme Court, sua sponte, directed the Town to add the County as a defendant on the noise violation proceedings currently pending in the District Court and on any future noise violation summonses it may issue with respect to that site. In the order, the Supreme Court denied "any and all other prayers for relief." The County then moved to vacate the order dated January 30, 2009, pursuant to CPLR 5015 and for leave to reargue, which motion was denied in an order dated June 3, 2009.

The Supreme Court erred in, sua sponte, dismissing this action on the ground that the resolution of the instant matter should be left to the discretion of the District Court. Although the District Court has jurisdiction over the Town's prosecution of the noise ordinance violations, that court is incapable of adjudicating the issues raised in the instant action regarding whether the noise ordinance is constitutional and whether the noise ordinance, if constitutional, may be lawfully and properly applied to the plaintiff. "A request for relief in the form of a declaratory judgment may not be refused simply because of the pendency of a separate action if all legal and factual issues cannot be disposed of in the pending suit or if the controversy will not necessarily be determined therein" (*Abed v Zach Assoc.*, 124 AD2d 531, 532 [1986]). The District Court lacks jurisdiction to award the declaratory relief that was sought in the instant action (*see* CPLR 3001; *see generally Morrison v Budget Rent A Car Sys.*, 230 AD2d 253 [1997]).

Further, the Supreme Court improvidently exercised its discretion in directing the Town to add the County as a defendant in all pending and future noise ordinance violation proceedings in the District Court, which relief was not requested by either the Town or the plaintiff in their moving papers (*see Clair v Fitzgerald*, 63 AD3d 979, 980 [2009]; *Frankel v Stavsky*, 40 AD3d 918, 919 [2007]; *HCE Assoc. v 3000 Watermill Lane Realty Corp.*, 173 AD2d 774, 774-775 [1991]).

Since the Supreme Court considered neither the Town's motion for summary judgment nor the plaintiff's cross motion for summary judgment on the merits, we remit the matter to the Supreme Court, Suffolk County, for determination of the motion and cross motion for summary judgment (*see Metropolitan Prop. & Cas. Ins. Co. v Village of Croton-on-Hudson*, 44 AD3d 724 [2007]; *Cardo v Board of Mgrs., Jefferson Vil. Condo 3*, 29 AD3d 930, 931 [2006]; *American Fedn. of School Adm'rs, AFL-CIO v Council of Adm'rs & Supervisors*, 266 AD2d 417, 418 [1999]). Santucci, J.P., Angiolillo, Leventhal and Lott, JJ., concur.