SECOND DEPARTMENT, NOVEMBER, 2011

(November 1, 2011)

■ ALLSTATE INSURANCE COMPANY, Appellant, v MATTHEW NALBANDIAN, as Assignee of Darlene Torchi, Respondent. [931 NYS2d 698]—

The plaintiff was entitled to commence this action to compel the de novo adjudication of the insurance dispute at issue since a master arbitrator's award in favor of the defendant exceeded the statutory threshold sum of $5,000 (*see* Insurance Law § 5106 [c]; *Matter of Greenberg [Ryder Truck Rental]*, 70 NY2d 573, 576-577 [1987]).

The Supreme Court, inter alia, denied the plaintiff's motion for summary judgment on the complaint and granted those

branches of the defendant's cross motion which were for summary judgment dismissing the complaint and on his counterclaims, upon concluding that an award of a master arbitrator dated December 31, 2008, made pursuant to an arbitration proceeding instituted pursuant to Insurance Law § 5106 (b), was not arbitrary and capricious.

The Supreme Court erred in denying the plaintiff's motion for summary judgment on the complaint solely on the basis that the award of the master arbitrator was not arbitrary and capricious. The plaintiff did not seek to vacate the award of the master arbitrator, and, once the plaintiff properly invoked its right to de novo review, the issue of whether the award was arbitrary and capricious was rendered academic. For the same reason, the Supreme Court also erred in granting the defendant's cross motion to confirm the award of the master arbitrator and for summary judgment dismissing the complaint and on his counterclaims, based on the conclusion that the award was not arbitrary and capricious (*see Progressive Ins. Co. v Strough*, 55 AD3d 1402 [2008]; *Matter of Capuano v Allstate Ins. Co.*, 122 AD2d 138 [1986]; *see also Matter of Gersten v American Tr. Ins. Co.*, 161 Misc 2d 57 [1994]).

Since the Supreme Court did not consider the merits of the plaintiff's motion or those branches of the defendant's cross motion which were for summary judgment dismissing the complaint and on his counterclaims, the matter must be remitted to the Supreme Court, Kings County, for a consideration of the merits of the motion and those branches of the cross motion, and a new determination thereafter (*see Hunter Sports Shooting Grounds, Inc. v Foley*, 73 AD3d 702, 705 [2010]).

In light of our determination, we need not reach the plaintiff's remaining contentions. Rivera, J.P., Florio, Austin and Sgroi, JJ., concur.