In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated July 11, 2011, which denied his motion for a default judgment of foreclosure and sale and, in effect, granted that branch of the cross motion of the defendant St. Cyprian Properties, Inc., which was pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against it as abandoned.
Ordered that the order is reversed, on the law, with costs, that branch of the cross motion of the defendant St. Cyprian Properties, Inc., which was pursuant to CPLR 3215 (c) to *712 dismiss the complaint insofar as asserted against it as abandoned is denied, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of the plaintiffs motion for a default judgment of foreclosure and sale and of that branch of the cross motion of the defendant St. Cyprian Properties, Inc., which was to extend its time to answer the complaint.
On July 15, 2008, the plaintiff commenced this action against several defendants, including the defendant St. Cyprian Properties, Inc. (hereinafter the defendant). The defendant failed to answer, appear, or move with respect to the complaint, and in September 2008, the plaintiff moved for an order of reference pursuant to Real Property Actions and Proceedings Law § 1321 (1). The Supreme Court granted the motion and signed the order of reference on February 23, 2010, nearly 18 months later. The Referee issued a report dated June 14, 2010. In July 2010, the plaintiff moved for a default judgment of foreclosure and sale. In response, the defendant cross-moved pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against it as abandoned, or alternatively, to extend its time to answer the complaint. The Supreme Court denied the plaintiffs motion for a default judgment of foreclosure and sale on the ground that he failed to comply with CPLR 3215 (c) and, in effect, granted that branch of the defendant’s cross motion which was pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against it as abandoned.
In September 2008, when the plaintiff took the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference (see RPAPL 1321 [1]), he initiated proceedings for entry of the default judgment of foreclosure and sale within one year of the defendant’s default and, thus, did not abandon the action (see CPLR 3215 [c]; Pisciotta v Lifestyle Designs, Inc., 62 AD3d 850, 852 [2009]; Icon Equip. Distribs. v Gordon Envtl. & Mech. Corp., 272 AD2d 579 [2000]; Home Sav. of Am., F.A. v Gkanios, 230 AD2d 770 [1996]).
Since the Supreme Court did not consider the merits of the plaintiffs motion or that branch of the defendant’s cross motion which was to extend its time to answer the complaint, the matter must be remitted to the Supreme Court, Kings County, for a determination on the merits of the motion and that branch of the cross motion (see Allstate Ins. Co. v Nalbandian, 89 AD3d 648, 649 [2011]). Dillon, J.P, Austin, Sgroi and Cohen, JJ., concur.