(July 6, 2016)

■ AutoOne Insurance Company, Appellant, v Eastern Island Medical Care, P.C., as Assignee of Jaime Benitez, Respondent. [35 NYS3d 230]—

In an action pursuant to Insurance Law § 5106 (c) for a de novo determination of a claim for no-fault insurance benefits, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Marber, J.), entered October 20, 2014, which, upon an order of the same court entered October 1, 2014, denying that branch of its motion which was pursuant to CPLR 3211 (b) to dismiss the third affirmative defense, granting the defendant's cross motion to confirm the award of a master arbitrator dated January 24, 2014, and, in effect, denying, as academic, those branches of the plaintiff's motion which were for summary judgment on the complaint and pursuant to CPLR 3211 (b) to dismiss the first, second, fourth, fifth, seventh, and eleventh affirmative defenses, and pursuant to CPLR 3211 (a) (7) to dismiss the second counterclaim and stated portions of the first counterclaim, is in favor of the defendant and against the plaintiff in the principal sum of $6,406.82.

Ordered that the judgment is reversed, on the law, with costs, those branches of the plaintiff's motion which were pursuant to CPLR 3211 (b) to dismiss the first, second, third, and fourth affirmative defenses are granted, the defendant's cross motion to confirm the award of the master arbitrator is denied as academic, the order entered October 1, 2014, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for a determination on the merits of those branches of the plaintiff's motion which were (a) for summary judgment on the complaint, (b) pursuant to CPLR 3211 (b) to dismiss the fifth, seventh, and eleventh affirmative defenses, and (c) pursuant to CPLR 3211 (a) (7) to dismiss the second counterclaim and stated portions of the first counterclaim.

The plaintiff, AutoOne Insurance Company, a no-fault insurance carrier, was entitled to commence this action to compel the de novo adjudication of the insurance dispute at issue since

a master arbitrator's award in favor of the defendant, Eastern Island Medical Care, P.C., as assignee of Jaime Benitez, exceeded the statutory threshold sum of $5,000 (*see* Insurance Law § 5106 [c]; *Allstate Ins. Co. v Nalbandian*, 89 AD3d 648, 649 [2011]; *Matter of Capuano v Allstate Ins. Co.*, 122 AD2d 138, 139 [1986]).

The Supreme Court erred in denying that branch of the plaintiff's motion which was for summary judgment on the complaint on the ground that the demand for a trial de novo was untimely filed (*see* Insurance Law § 5106 [c]; CPLR 7511; 11 NYCRR 65-4.10 [h] [2]; *see also Matter of Slater v Eagle Ins. Co.*, 294 AD2d 368, 369 [2002]). As this arbitration dispute was originally submitted to the American Arbitration Association (hereinafter AAA) and was not court-ordered, the 35-day timetable applied by the court pursuant to 28 NYCRR 28.12 was not applicable (*see* 22 NYCRR 28.2). Instead, the plaintiff had 90 days from the date the master arbitrator's award was mailed to it to commence this action (*see* Insurance Law § 5106 [c]; CPLR 7511; 11 NYCRR 65-4.10 [h] [2]; *see also Matter of Slater v Eagle Ins. Co.*, 294 AD2d at 369), and the plaintiff did so. Thus, the court erred in granting the defendant's cross motion to confirm the award of the master arbitrator on the ground that this action was not timely commenced and in denying that branch of the plaintiff's motion which was pursuant to CPLR 3211 (b) to dismiss the third affirmative defense, which alleged that the action was not timely commenced. As the plaintiff timely invoked its right to a de novo review by the Supreme Court, the defendant's cross motion to confirm the award of the master arbitrator was rendered academic (*see Allstate Ins. Co. v Nalbandian*, 89 AD3d at 649) and the defense of untimeliness was without merit (*see Matter of Slater v Eagle Ins. Co.*, 294 AD2d at 369; *Matter of Abadinsky v Aetna Cas. & Sur. Co.*, 250 AD2d 673, 673-674 [1998]; *Matter of Capuano v Allstate Ins. Co.*, 122 AD2d at 138).

The defendant's contention that the plaintiff failed to exhaust its administrative remedies or satisfy a condition precedent because the plaintiff defaulted before the master arbitrator is without merit. There is no dispute that the plaintiff timely demanded review by a master arbitrator within 21 calendar days of the mailing of the award by the AAA no-fault arbitrator (*see* 11 NYCRR 65-4.10 [d] [2]). Further, the insurance regulations specifically provide that a master arbitration will proceed even if a party fails to appear or submit materials and that the master arbitrator must make a determination on the merits, not in favor of an appearing party solely on the default of the

other party (*see* 11 NYCRR 65-4.10 [d] [8]). Thus, the plaintiff's failure to file a brief with the master arbitrator was not determinative of whether it satisfied a condition precedent or exhausted its administrative remedies (*cf. Allstate Ins. Co. v Nalbandian*, 89 AD3d at 649). The plaintiff exhausted its administrative remedies when it filed its demand for review by a master arbitrator, and the master arbitrator issued an award which was final and binding except, as is relevant here, when a party commences a court action to adjudicate the dispute de novo when the award is $5,000 or more (*see* 11 NYCRR 65-4.10 [h] [1]).

Thus, the Supreme Court also should have granted those branches of the plaintiff's motion which were pursuant to CPLR 3211 (b) to dismiss the first (failure to exhaust administrative remedies), second (default in master arbitration proceeding), and fourth (failure to satisfy condition precedent) affirmative defenses, as those defenses were without merit as a matter of law (*see Mazzei v Kyriacou*, 98 AD3d 1088, 1089 [2012]; *Greco v Christoffersen*, 70 AD3d 769, 771 [2010]).

Since the Supreme Court did not consider the merits of those branches of the plaintiff's motion which were pursuant to CPLR 3211 (b) to dismiss the remaining affirmative defenses, pursuant to CPLR 3211 (a) (7) to dismiss the second counterclaim and stated portions of the first counterclaim, and for summary judgment on the complaint, the matter must be remitted to the Supreme Court, Nassau County, for a determination of those branches of the motion on the merits (*see Allstate Ins. Co. v Nalbandian*, 89 AD3d at 649; *Hunter Sports Shooting Grounds, Inc. v Foley*, 73 AD3d 702, 705 [2010]). Austin, J.P., Cohen, Miller and Duffy, JJ., concur.