U.S. Bank N.A. v Gonzalez (2019 NY Slip Op 04021)





U.S. Bank N.A. v Gonzalez


2019 NY Slip Op 04021


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-10283
 (Index No. 704765/14)

[*1]U.S. Bank National Association, etc., appellant,
v
Michael A. Gonzalez, respondent, et al., defendants.


Gross Polowy, LLC (Reed Smith LLP, New York, NY [Andrew B. Messite and Joseph B. Teig], of counsel), for appellant.
Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi and Juan Paolo F. Dizon of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered September 28, 2015. The order denied the plaintiff's motion, among other things, pursuant to CPLR 3212 for summary judgment on the complaint, pursuant to CPLR 3211(b) to dismiss the affirmative defenses asserted by the defendant Michael A. Gonzalez, for leave to amend the caption, and to appoint a referee to determine the amount due to the plaintiff.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the plaintiff's motion which were pursuant to CPLR 3211(b) to dismiss the first through fifth, and seventh through eleventh, affirmative defenses asserted by the defendant Michael A. Gonzalez, and substituting therefor a provision granting those branches of the plaintiff's motion; as so modified, the order is affirmed, without costs or disbursements.
In 2006, William Petrez obtained a loan and executed a mortgage with respect to a property located in Ozone Park (hereinafter the subject property). The note was assigned to the plaintiff, and in 2008, the plaintiff commenced an action (hereinafter the 2008 action) to foreclose the mortgage against Petrez and others. During the pendency of the 2008 action, a satisfaction of the mortgage was recorded in the City Register of the City of New York, and the subject property was sold to the defendant Michael A. Gonzalez.
In 2014, the plaintiff commenced this action against, among others, Gonzalez, alleging that the satisfaction of mortgage related to the subject property was fraudulent. Gonzalez interposed a verified answer which included 11 affirmative defenses. Thereafter, the plaintiff moved, among other things, pursuant to CPLR 3212 for summary judgment on the complaint, pursuant to CPLR 3211(b) to dismiss Gonzalez's affirmative defenses, for leave to amend the caption, and to appoint a referee. The Supreme Court denied the plaintiff's motion. The plaintiff appeals.
On a motion for summary judgment, a plaintiff has the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law (see HSBC Mtge. Servs., Inc. v Royal, 142 AD3d 952, 953-954). Inasmuch as the plaintiff's motion was based on evidence that was not in admissible form, as it relied upon inadmissible hearsay, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law (see id. at 953-954). Since the [*2]plaintiff failed to meet its prima facie burden, we agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for summary judgment on the complaint, regardless of the sufficiency of Gonzalez's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We also agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was pursuant to CPLR 3211(b) to dismiss the sixth affirmative defense, based on documentary evidence. The plaintiff failed to demonstrate as a matter of law that the sixth affirmative defense is without merit.
We disagree with the Supreme Court's determination to deny those branches of the plaintiff's motion which were pursuant to CPLR 3211(b) to dismiss affirmative defenses one through five, and seven through eleven, as the plaintiff demonstrated that those defenses were without merit as a matter of law (see AutoOne Ins. Co. v Eastern Is. Med. Care, P.C., 141 AD3d 499, 501; Mazzei v Kyriacou, 98 AD3d 1088, 1089). Specifically, in response to the plaintiff's motion, Gonzalez addressed only the first affirmative defense of lack of standing and the eleventh affirmative defense of failure to name a necessary party. The first affirmative defense is without merit as a matter of law, as the plaintiff established that it had possession of the note at the time it commenced this action and Gonzalez failed to raise any triable issue of fact (see HSBC Bank USA, N.A. v Armijos, 151 AD3d 943, 944). The eleventh affirmative defense also is without merit as a matter of law as Petrez, who made an absolute conveyance of all his interest in the subject property, is not a necessary party defendant (see RPAPL 1311; DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd., 51 AD3d 857, 858). Gonzalez has abandoned any contentions regarding affirmative defenses two through five and seven through ten, as he failed to address them in his brief (see Marcum, LLP v Silva, 117 AD3d 917, 919).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
SCHEINKMAN, P.J., DILLON, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court