## American Tr. Ins. Co. v Malaga Med., P.C.

2025 NY Slip Op 34405(U)

November 7, 2025

Supreme Court, Kings County

Docket Number: Index No. 535916/2022

Judge: Lisa S. Ottley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS – PART 24

-------------------------------------------------------------------x

AMERICAN TRANSIT INSURANCE COMPANY,                     Mot. Seq. #'s 7 and 11

                                    Plaintiff,          Index # 535916/2022

            -against-                                   **DECISION AND ORDER**

MALAGA MEDICAL, P.C., a/a/o NIANG PATHE,

                                    Defendants.
-------------------------------------------------------------------x

**HON. LISA S. OTTLEY, J.S.C.**

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this Notice of Motion to Confirm Arbitrator's Award Cross-Motion for Summary Judgment submitted April 28, 2025.

| Papers | Numbered |
|---|---|
| Notice of Motion & Affirmation | 1&2 [Exh. A-F] |
| Notice of Cross-Motion & Affirmation/Affidavits | 4, 5 and 6 [Exh. A] |
| Memorandum of Law in Support of Motion | 3 |
| Reply | 7 |

Plaintiff, American Transit Insurance Company, commenced this action pursuant to Insurance Law 5106(c) and 11 NYCRR 65-4.10(h)(1)(ii) to seek de novo review of an arbitral award issued by a master arbitrator. The master arbitrator award was in favor of the defendant in the amount of $5,013.55. Defendant moves pursuant to CPLR 3212(b)(2) for an order confirming the master arbitration award that affirmed the lower arbitration award and for attorney's fees, costs and disbursements. Plaintiff cross-moves for an order pursuant to CPLR 3212 granting summary judgment in plaintiff's favor on the grounds that the claimant was in the course of employment at the time of the accident and the services were not medically necessary or casually related to the motor vehicle accident. Defendant opposes plaintiff's cross-motion for summary judgment on the grounds that the plaintiff's evidence as to the applicability of the workers compensation defense was refuted; the arbitration award has a res judicata and collateral estoppel effect and is binding and that the defendant established that the injuries are related to the accident and medically necessary.

Discussion

First, a de novo action which seeks to address disputed no-fault insurance invoices must be litigated as though the arbitration hearing and the master arbitration never took place. In fact, the determinations of the arbitrators are irrelevant. The court's jurisdictional

1

[* 1]

basis is that the monetary result of the arbitration is provided based on the monetary result of the arbitration which is a minimum award of $5,000.00. As indicated above, the amount of the award in this matter exceeded the minimum award. See, _Matter of Greenberg [Ryder Truck Rental]_, 70 N.Y.2d 573, 523 N.Y.S.2d 67 [1987]; _Matter of Acuhealth Acupuncture, P.C. v. Country-Wide Ins. Co._, 176 A.D.3d 800, 112 N.Y.S.3d 767 (2nd Dept., 2019); _Matter of Capuano v. Allstate Insurance Co._, 122 A.D.2d 138, 504 N.Y.S.2d 523 (2nd Dept., 1986).

Summary Judgment

It is well settled that to grant summary judgment, it must clearly appear that no material issue of fact has been presented. _See, Grassick v. Hicksville Union Free School District_, 231 A.D.2d 604, 647 N.Y.S.2d 973 (2nd Dept., 1996). "Where the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring the trial of the action." _See, Zuckerman v. City of New York_, 49 N.Y.2d 557, 427 N.Y.S.2d 595 (1980). The papers submitted in the context of the summary judgment motion are viewed in the light most favorable to the party opposing the motion. _See, Marine Midland Bank, N.A. v. Dino v. Artie's Automatic Transmission Co._, 168 A.D.2d 610 (2nd Dept., 1990). If the _prima facie_ showing has been met, the burden then shifts to the opposing party to present sufficient evidence to establish the existence of material issues of fact requiring a trial. _See, CPLR 3212[b]; Alvarez v. Prospect Hosp._, 68 N.Y.2d 320, 508 N.Y.S.2d 923 (1986).

The parties' attorneys have been litigating aggressively and are no strangers to the arguments raised herein and throughout the cases which have been appearing before this court. One argument that continues to be raised by plaintiff is the defendant's failure to comply with CPLR's basic requirement when moving for summary judgment since defendant does not annex an affirmation or affidavit from a person with personal knowledge of the facts, which it argues is insufficient to establish a claim on the merits. Here, as in other motions that are pending or have been decided by this Court, the defendant's motion for summary judgment confirming the arbitration award and opposition to plaintiff's motion for summary judgment is supported by an attorney affirmation only.

The defendant's attorney's affirmation which lacks probative value and provides documentary evidence in support of its motion, to wit, the decision from the Workers Compensation Board which held that the claimant's accident was not in the course of employment at the time of the accident (Exh. "D"). Primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board. See, _Rohan v. North Main Street Development Corp._, 146 A.D.2d 687, 537 N.Y.S.2d 51 (2nd Dept., 1989). Here, the Workers' Compensation Board has already made a determination as to plaintiff's defense, and its determination will be binding on the court provided that an opportunity to be heard has been afforded to the plaintiff. See, _Becker v. Clarkstown Cent. School District_, 157 A.D.2d 641, 549 N.Y.S.2d 739 (2nd Dept., 1990). However, defendant's attorney's affirmation does not offer any other documentary evidence to raise an issue of fact as to the remaining issue concerning medical necessity. _See, Zuckerman v. City of New York, supra; Pryhuber v. Maffucci Storage Corp._, 170 A.D.2d 660, 567 N.Y.S.2d 81 (2nd Dept. 1991). Therefore, the defendant failed to establish that he had

2

[* 2]

personal knowledge to authenticate the first step, which is that the bills were submitted to the plaintiff. See, _American Transit Company v. Advanced Orthopaedics PLLC_, 86 Misc.3d 1234(A), 234 N.Y.S.3d 928 (Sup. Ct., Kings Co., 2025).

Although this court need not assess the sufficiency of the plaintiff's opposition due to defendant's failure to make out a prima facie case of entitlement to summary judgment in this de novo action as to the issue of medical necessity, the court will address the argument as to whether the arbitration award is binding based upon res judicata and collateral estoppel.

In support of its motion to confirm the master arbitration award, defendant argues that the arbitration award is binding and has a res judicata and collateral estoppel effect, and the de novo action requires an application to the court within ninety (90) days of the mailing of the master arbitration award. Specifically, defendant argues that the question is whether an award from a binding arbitration involving the same assignor, same loss, and same insurance company constitutes collateral estoppel or res judicata. As such, defendant argues that the master arbitration award must be confirmed, and entitlement to attorney's fees and costs. In opposition, plaintiff argues that once its de novo action was commenced there is no longer an award entitled to collateral estoppel, and the issues are litigated from the beginning and the prior ruling no longer exists. Plaintiff further argues that confirmation of the arbitration award is unavailable to the defendant because it failed to plead a cause of action against plaintiff since no proceeding against the plaintiff to confirm the award has been commenced. In addition, plaintiff argues that issue before the court is whether the surgery was medically necessary and defendant's motion for summary judgment must be denied because triable issues of fact exist as to whether the services provided were medically necessary. Plaintiff also argues that summary judgment is premature because discovery from defendant is incomplete.

After careful review of the moving papers, opposition and reply the court finds as follows:

Since this dispute was initially submitted to the American Arbitration Association, the plaintiff had ninety (90) days from the date the master arbitrator's award was mailed to it to commence a trial de novo. See, _Insurance Law 5106(c); CPLR 7511; 11 NYCRR 65-4.10[h][2]_. In the case at bar, defendant argues that the issue is whether there is a binding effect of the master arbitration award based on res judicata or collateral estoppel. This court finds that the plaintiff timely invoked its right to a de novo review by the Supreme Court pursuant to the applicable law, which allows for review of an arbitral award issued by a master arbitrator. See, _AutoOne Insurance Co. v. Eastern Island Medical Care, P.C._, 141 A.D.3d 499, 35 N.Y.S.3d 230 (2nd Dept., 2016), which held as follows: "The plaintiff exhausted its demand for review by a master arbitrator, and the master arbitrator issued an award which was final and binding **except**, as is relevant here, where a party commences a court action to adjudicate the dispute de novo when the award is $5,000 or more (see, 11 NYCRR 65-4.10[h][1])." [_Emphasis added_]. Therefore, the court does not find that the arbitration award has a res judicata or collateral estoppel effect.

3

[* 3]

Based upon the foregoing, the court hereby denies the defendant's motion for summary judgment which seeks to confirm the master arbitration award.

Next, this court will address the plaintiff's cross-motion for summary judgment which argues that it should be granted summary judgment on the issue of medical necessity. Based upon the submissions from both the plaintiff and the defendant or lack thereof, the court finds that there is insufficient evidence to grant summary judgment. As indicated above, the only documentary evidence submitted relates to the determination made by the Workers' Compensation Board. There are no annexed peer reviews in support of plaintiff's cross-motion, nor any medical reports annexed to defendants' motion.

Based upon the foregoing, it is hereby

ORDERED that defendant's motion for confirmation of the master arbitration award, attorney's fees, costs and disbursement is hereby denied it is entirety, and it is further

ORDERED that plaintiff's cross-motion for summary judgment in its favor on the issue of medical necessity is denied in its entirety, and it is hereby

This constitutes the decision and order of this Court.

Dated: Brooklyn, New York
       November 7, 2025

HON. LISA S. OTTLEY, J.S.C.

4

[* 4]