■ PATRICIA GRASSICK et al., Appellants, v HICKSVILLE UNION FREE SCHOOL DISTRICT et al., Respondents. [647 NYS2d 973] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from a judgment of the Supreme Court, Nassau County (O'Brien, J.), entered May 18, 1995, which is in favor of the defendants Antoine Ellison and Philip Ellison and against them dismissing the complaint and all cross claims insofar as asserted against the Ellisons, and (2) as limited by their brief, from so much of an order of the same court, dated July 17, 1995, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the judgment is dismissed as the judgment was superseded by the order dated July 17, 1995, made upon reargument; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, the judgment is vacated, and the complaint and all cross claims insofar as asserted against Antoine and Philip Ellison are reinstated.

It is well settled that in order to grant summary judgment, it must clearly appear that no material issue of fact has been presented. Issue finding rather than issue determination is the key. Since summary judgment is the procedural equivalent of a trial, any doubt as to the existence of a triable issue, or where the material issue of fact is arguable, requires the denial of summary judgment (see, Salino v IPT Trucking, 203 AD2d 352; Museums at Stony Brook v Village of Patchogue Fire Dept., 146 AD2d 572).

Under the circumstances of this case, which includes conflicting deposition testimony by the parties, there exist triable issues of fact regarding an alleged breach by the defendant Antoine Ellison of a duty of care in the manner in which he exited from Hicksville High School so as to cause the door to strike the plaintiff Patricia Grassick as she attempted to enter the school (see, MacDowell v Western Union Tel. Co., 269 NY 533). Bracken, J. P., Miller, Joy and Krausman, JJ., concur.