■ Marie Arrucci et al., Respondents, v City of New York et al., Respondents, and Plumbing Solutions, Ltd., Appellant. [846 NYS2d 269]—

In an action to recover damages for personal injuries, etc., the defendant Plumbing Solutions, Ltd., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated November 8, 2006, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, with costs, and the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The Supreme Court improperly denied the appellant's motion for summary judgment. The appellant demonstrated its prima facie entitlement to judgment as a matter of law by presenting an affidavit of one of its officers attesting that the appellant's contract with the City was confined solely to the installation of water meters and remote receptacles in indoor and outdoor pits and that, in any event, the appellant performed no work on the subject roadway (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). In opposition to the motion, the plaintiffs did not contest those assertions but, instead, submitted a copy of a work permit which was granted to the appellant "to open the roadway and/or sidewalk at" the subject location. However, that permit also included under the category of "Stipulations" the words "S/WALK ONLY." Such proof was inadequate to rebut the uncontradicted fact that the appellant did no work at the alleged accident site. The plaintiffs did not offer proof that the appellant, in fact, did any work at the location in question or, alternatively, that the nature of the work in question might reasonably be expected to require activity beyond the sidewalk and into the roadway.

The plaintiffs assert that discovery was not completed and therefore consideration of the instant motion for summary judgment was premature. However, the plaintiffs failed to establish what additional facts might be disclosed which would demonstrate that an issue of fact existed as to whether the appellant did work on the roadway (see *Fenko v Mealing*, 43 AD3d 856 [2007]; *Gasis v City of New York*, 35 AD3d 533 [2006]; *Lopez v WS Distrib., Inc.*, 34 AD3d 759 [2006]). Accordingly, summary judgement should have been granted in favor of the appellant. Lifson, J.P., Dillon, Covello and McCarthy, JJ., concur.