■ LYNN M. CIAVARELLI et al., Respondents, v TOWN OF ISLIP, Defendant, and SUFFOLK COUNTY WATER AUTHORITY, Appellant. [888 NYS2d 172]—

In an action to recover damages for personal injuries, etc., the defendant Suffolk County Water Authority appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated August 26, 2008, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the defendant-respondent, and the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

In October 2005 the plaintiff Lynn M. Ciavarelli (hereinafter the injured plaintiff) allegedly sustained injuries when she stepped off the apron of a municipal parking lot exit in Bay Shore and into a depression in the roadway near the edge of the apron. The roadway is owned by the defendant Town of Islip.

In support of its motion for summary judgment, the defendant Suffolk County Water Authority (hereinafter the appellant), submitted a maintenance record showing that in 1984, it removed and replaced the fire hydrant on the sidewalk near the spot where the injured plaintiff fell some 21 years later. This,

together with proof that there had been no complaints about defective conditions at the location of the injured plaintiff's fall, either to the appellant or the Town, was sufficient to make out the appellant's prima facie case that it had not caused or created the alleged defect, or negligently repaired the roadway where the injured plaintiff fell (*see generally Hyde v County of Rensselaer,* 51 NY2d 927 [1980]; *Starling v Suffolk County Water Auth.,* 63 AD3d 822 [2009]; *Williams v Azeem,* 62 AD3d 988 [2009]; *Kaszovitz v Weiszman,* 110 AD2d 117 [1985]; *cf. Pastore v Town of Harrison,* 57 AD3d 636 [2008]). In opposition, the plaintiffs' sole submission proffered in support of their claim that the appellant created the condition or negligently repaired the roadway was some language in the maintenance record indicating that some "cold patch" asphalt may have been used in completing the removal and replacement of the hydrant. This was merely speculative and insufficient to raise a triable issue of fact as to whether the appellant even performed any work in the roadway, let alone made a negligent repair, at the location where the injured plaintiff fell (*see generally Shatzman v City of New York,* 38 AD2d 581 [1971], *affd* 31 NY2d 690 [1972]). Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Dillon, J.P., Florio, Belen and Roman, JJ., concur.