■ MARIAN STURM, Appellant, v MYRTLE CATALPA, LLC, et al., Respondents, et al., Defendant. [53 NYS3d 356]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Strauss, J.), entered November 26, 2014, as granted those branches of the separate motions of the defendants Myrtle Catalpa, LLC, Casella Construction Corp., and Red Hook Construction Group-1, LLC, also known as Red Hook Construction Group,

Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the separate motions of the defendants Myrtle Catalpa, LLC, Casella Construction Corp., and Red Hook Construction Group-1, LLC, also known as Red Hook Construction Group, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

The plaintiff allegedly sustained injuries when she fell while walking on a sidewalk made of red brick pavers which abutted the premises of the defendant Myrtle Catalpa, LLC (hereinafter the owner). The plaintiff attributed her fall to two loose pavers. The defendant Casella Construction Corp. (hereinafter the general contractor) had been hired by the owner to perform various alterations to its premises. The general contractor then hired the defendant Red Hook Construction Group-1, LLC, also known as Red Hook Construction Group, Inc. (hereinafter the subcontractor), to perform work on the sidewalk. These defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted those branches of the respective motions. We reverse.

The Supreme Court erred in concluding that the defect alleged by the plaintiff was trivial and, hence, not actionable. Generally, the issue of whether a dangerous or defective condition exists on the property of another depends on the facts of each case and is generally a question of fact for the jury (*see Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]; *Guerrieri v Summa*, 193 AD2d 647 [1993]). However, a property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (*see Trincere v County of Suffolk*, 90 NY2d at 977). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (*id.* at 978 [internal quotation marks omitted]).

Here, the evidence submitted by the owner in support of its motion for summary judgment, including the transcripts of the deposition testimony of the parties, an expert affidavit, and photographs of the sidewalk, was insufficient to demonstrate, prima facie, that the alleged defect was trivial as a matter of law and, therefore, not actionable (*see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 77-78 [2015]; *Valentin v Colum-*

*bia Univ.*, 89 AD3d 502 [2011]). Additionally, the owner failed to establish, prima facie, that it did not have constructive notice of the alleged hazardous condition (*see generally Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Since the owner failed to meet its initial burden as the movant, it is not necessary to review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Moreover, the Supreme Court should not have granted those branches of the motions of the general contractor and the subcontractor which were for summary judgment dismissing the complaint insofar as asserted against them. "A contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk" (*Hayes v DeMicco Bros., Inc.*, 34 AD3d 641, 642 [2006]). Here, the general contractor and the subcontractor failed to establish their respective prima facie entitlement to judgment as a matter of law. The owner's acceptance of their work did not immunize them from liability if they created the defect (*see Murphy v Omer Constr. Co.*, 242 AD2d 964 [1997]; *English v City of Albany*, 235 AD2d 977 [1997]; *Sternbach v Cornell Univ.*, 162 AD2d 922 [1990]). Since the general contractor and the subcontractor failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

Accordingly, the Supreme Court should have denied those branches of the separate motions of the moving defendants which were for summary judgment dismissing the complaint insofar as asserted against each of them. Rivera, J.P., Balkin, Barros and Brathwaite Nelson, JJ., concur.