Lomele v Chawla (2018 NY Slip Op 03828)





Lomele v Chawla


2018 NY Slip Op 03828


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2016-06709
 (Index No. 62434/13)

[*1]Nancy Lomele, et al., respondents, 
v
Surinder Chawla, etc., et al., appellants.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for appellants.
Parker Waichman, LLP, Port Washington, NY (Jay L. T. Breakstone of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated May 31, 2016. The order, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants 7-Eleven, Inc., and The Southland Employees Trust.
ORDERED that the appeal by the defendant Surinder Chawla is dismissed as abandoned (see 22 NYCRR 670.8[e]); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendants 7-Eleven, Inc., and The Southland Employees Trust; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The plaintiff Nancy Lomele allegedly was injured when she tripped and fell on a defect in the parking lot of a 7-Eleven convenience store in Wantagh. The store was operated by the defendant Surinder Chawla pursuant to a franchise agreement and was located on property owned by the defendants 7-Eleven, Inc., and The Southland Employees Trust (hereinafter together the 7-Eleven defendants). Lomele, and her husband suing derivatively, commenced this personal injury action against the defendants.
The defendants moved for summary judgment dismissing the complaint, arguing, inter alia, that the alleged defect was trivial as a matter of law and, therefore, not actionable. The Supreme Court granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Chawla, individually, concluding that Chawla established prima facie that he did not own the property and had no duty to maintain the parking lot, and the plaintiffs failed to raise a triable issue of fact in opposition. The court denied the motion in all other respects. The 7-Eleven defendants appeal, arguing that the defect was trivial as a matter of law.
A property owner may not be held liable for trivial defects (see Hutchinson v [*2]Sheridan Hill House Corp., 26 NY3d 66, 77-78). A trivial defect in a public passageway is a defect "not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection" (Liebl v Metropolitan Jockey Club, 10 AD2d 1006, 1006; see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 77-78; Guerrieri v Summa, 193 AD2d 647, 647). "In determining whether a defect is trivial, the court must examine all of the facts presented, including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury'" (Sturm v Myrtle Catalpa, LLC, 149 AD3d 1130, 1131, quoting Trincere v County of Suffolk, 90 NY2d 976, 978). Factors that may render a physically small defect actionable include "a jagged edge; a rough, irregular surface; the presence of other defects in the vicinity; poor lighting; or a location—such as a parking lot, premises entrance/exit, or heavily traveled walkway—where pedestrians are naturally distracted from looking down at their feet" (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 78 [citations omitted]). There is no "minimal dimension test" or per se rule that a defect must be of a certain minimum height or depth in order to be actionable (Trincere v County of Suffolk, 90 NY2d at 977).
Here, the evidence submitted on the motion failed to establish, prima facie, that the alleged defect that caused Lomele's injuries was trivial as a matter of law (see Sturm v Myrtle Catalpa, LLC, 149 AD3d at 1131-1132). Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the 7-Eleven defendants, without regard to the sufficiency of the plaintiffs' papers in opposition (id. at 1132).
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court