Kozik v Sherland & Farrington, Inc. (2019 NY Slip Op 04926)





Kozik v Sherland & Farrington, Inc.


2019 NY Slip Op 04926


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-11554
 (Index No. 600793/13)

[*1]Halina Kozik, respondent, 
v
Sherland & Farrington, Inc., appellant, et al., defendant.


Frankini & Harms, Garden City, NY (Michael F. Palmeri of counsel), for appellant.
Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren Bryant], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Sherland & Farrington, Inc., appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), dated August 30, 2017. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On April 5, 2010, the plaintiff allegedly was injured while walking along a corridor at her workplace, in Port Washington. According to the plaintiff, her right foot became caught on a "wavy" portion of the corridor's floor. Although the plaintiff did not fall, she twisted her right leg and allegedly sustained injuries. In March 2013, the plaintiff commenced this action against, among others, Sherland & Farrington, Inc. (hereinafter the defendant), alleging, inter alia, that the defendant negligently installed and/or maintained the floor on which she was walking at the time of the occurrence.
After discovery, the defendant moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, arguing, inter alia, that the alleged defect was trivial as a matter of law and, therefore, not actionable, and that the plaintiff did not know what caused her to fall. The Supreme Court denied the defendant's motion, and the defendant appeals.
"Ordinarily, a defendant moving for summary judgment in a trip-and-fall case has the burden of establishing that it did not create the hazardous condition that allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it. However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Mitgang v PJ Venture HG, LLC, 126 AD3d 863, 863-864; see Ash v City of New York, 109 AD3d 854, 855). "[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Rivera v J. Nazzaro [*2]Partnership, L.P., 122 AD3d 826, 827; see Mitgang v PJ Venture HG, LLC, 126 AD3d at 864; Ash v City of New York, 109 AD3d at 855).
Here, the defendant failed to establish, prima facie, that the plaintiff did not know what caused her accident (see Davis v Sutton, 136 AD3d 731, 732). The plaintiff's deposition testimony, the transcript of which the defendant submitted in support of its motion, demonstrated the existence of a triable issue of fact as to whether she caught her foot and was injured as a result of a wavy condition on the floor.
In determining whether a defect is trivial, courts "must examine all of the facts presented, including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Kavanagh v Archdiocese of the City of N.Y., 152 AD3d 654, 655 [internal quotation marks omitted]; see Trincere v County of Suffolk, 90 NY2d 976, 978). "[T]here is no minimal dimension test' or per se rule that a defect must be . . . a certain minimum height or depth in order to be actionable" (Trincere v County of Suffolk, 90 NY2d at 977). However, a defendant "may not be cast in damages for negligent maintenance by reason of trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 78 [internal quotation marks omitted]; see Liebl v Metropolitan Jockey Club, 10 AD2d 1006, 1006). A defendant seeking to dismiss a complaint on the basis of the trivial defect doctrine must make a prima facie showing that (1) "the defect is, under the circumstances, physically insignificant," and (2) "that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses" (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79).
Here, the evidence submitted by the defendant in support of its motion failed to establish, prima facie, that the alleged wavy condition of the floor on which the plaintiff caught her foot was trivial as a matter of law (see Green v Price Chopper, Inc., 164 AD3d 478, 479; Lomele v Chawla, 161 AD3d 1144, 1145; Sturm v Myrtle Catalpa, LLC, 149 AD3d 1130, 1131).
Accordingly, we agree with the Supreme Court's determination denying the defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, regardless of the sufficiency of the plaintiff's opposition papers (see Lomele v Chawla, 161 AD3d at 1145; Sturm v Myrtle Catalpa, LLC, 149 AD3d at 1132).
DILLON, J.P., LEVENTHAL, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court