Arena v City of New York (2021 NY Slip Op 01379)





Arena v City of New York


2021 NY Slip Op 01379


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-01348
 (Index No. 25747/09)

[*1]Josephine Arena, appellant, 
v
City of New York, et al., defendants, Allstate Power Vac, Inc., et al., respondents.


Lawrence Leonard, New York, NY, for appellant.
Pillinger Miller Tarallo, LLP, Elmsford, NY (Patrice M. Coleman of counsel), for respondent Allstate Power Vac, Inc.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for respondent Pullini Subsurface Contractors, Inc.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated October 27, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendant Allstate Power Vac, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of the motion of the defendant Pullini Subsurface Contractors, Inc., which was for summary judgment dismissing the complaint asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
On July 17, 2008, the plaintiff allegedly was walking on a street in Brooklyn when she tripped and fell as a result of a rut in the street. The plaintiff commenced a personal injury action against, among others, the defendant Allstate Power Vac, Inc. (hereinafter Allstate), and a separate personal injury action against the defendant Pullini Subsurface Contractors, Inc. (hereinafter PSC). The plaintiff alleged that Allstate and PSC performed work in the area and caused and/or created the allegedly defective condition. The actions were subsequently consolidated. Allstate moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and PSC moved, inter alia, for summary judgment dismissing the complaint asserted against it. The Supreme Court granted those branches of the separate motions, and the plaintiff appeals.
In support of their motions, Allstate and PSC established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that they did not perform any work on the portion of the street where the accident occurred, and did not create the allegedly defective condition that caused the plaintiff's injuries (see Burton v City of New York, 153 AD3d 487; Walton v City of New York, 105 AD3d 732; Sand v City of New York, 83 AD3d 923; Arrucci v City of New York, 45 AD3d 617, 618; Kleeberg v City of New York, 305 AD2d 549). In opposition, the plaintiff failed to raise a triable issue of fact with respect to either Allstate or PSC (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324). Moreover, the plaintiff's contention that the motions were premature is without merit (see Arena v City of New York, ___ AD3d ___ [*2][Appellate Division Docket No. 2017-09846; decided herewith]).
Accordingly, the Supreme Court properly granted that branch of Allstate's motion which was for summary judgment dismissing the complaint insofar as asserted against it and that branch of PSC's motion which was for summary judgment dismissing the complaint asserted against it.
DILLON, J.P., HINDS-RADIX, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court