Arena v City of New York (2021 NY Slip Op 01378)





Arena v City of New York


2021 NY Slip Op 01378


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2017-09846
 (Index No. 25747/09)

[*1]Josephine Arena, appellant, 
v
City of New York, et al., defendants, Acquifer Drilling and Testing, Inc., respondent.


Lawrence Leonard, New York, NY, for appellant.
Wood Smith Henning & Berman LLP, New York, NY (David H. Larkin of counsel), for respondent.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated June 23, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendant Acquifer Drilling and Testing, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 17, 2008, the plaintiff allegedly was walking in a street in Brooklyn when she tripped and fell as a result of a rut in the street. The plaintiff subsequently commenced this consolidated action to recover damages for personal injuries against, among others, the defendant Acquifer Drilling and Testing, Inc. (hereinafter Acquifer), alleging that Acquifer was negligent, in essence, in creating the allegedly defective condition when it performed work in the area of the accident. Acquifer moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted that branch of the motion, and the plaintiff appeals.
Acquifer established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by submitting evidence demonstrating that it did not perform any work on the portion of the street where the accident occurred, and did not create the allegedly defective condition that caused the plaintiff's injuries (see Burton v City of New York, 153 AD3d 487; Walton v City of New York, 105 AD3d 732; Sand v City of New York, 83 AD3d 923; Arrucci v City of New York, 45 AD3d 617, 618; Kleeberg v City of New York, 305 AD2d 549). In opposition, the plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Moreover, the plaintiff's contention that the motion was premature is without merit. "'[A] grant of summary judgment is not premature merely because discovery has not been completed'" (HSBC Bank USA, N.A. v Armijos, 151 AD3d 943, 944, quoting Lamore v Panapoulos, 121 AD3d 863, 864). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the [*2]motion" (Cajas-Romero v Ward, 106 AD3d 850, 852 [internal quotation marks omitted]). A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated (see Brea v Salvatore, 130 AD3d 956, 956). Here, the plaintiff did not adequately explain how further discovery might lead to relevant evidence or that the facts necessary to oppose the motion were exclusively within the knowledge and control of Acquifer (see CLPR 3212[f]; Yiming Zhou v 828 Hamilton, Inc., 173 AD3d 943; Cajas-Romero v Ward, 106 AD3d at 852).
Accordingly, the Supreme Court properly granted that branch of Acquifer's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
DILLON, J.P., HINDS-RADIX, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court