Pizzolorusso v Metro Mech., LLC (2022 NY Slip Op 03018)

Pizzolorusso v Metro Mech., LLC

2022 NY Slip Op 03018

Decided on May 4, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2018-14967
2018-14968
2019-09805
 (Index No. 27086/11)

[*1]Joanna Pizzolorusso, plaintiff-appellant, 
v
Metro Mechanical, LLC, et al., defendants, Fae Holdings 391077R, LLC, defendant-appellant, Amato Quality Construction, LLC, respondent.

Levine & Wiss, PLLC, West Hempstead, NY (Anthony A. Ferrante of counsel), for plaintiff-appellant.
Walsh Markus McDougal & DeBellis, LLP, Garden City, NY (Claudio DeBellis of counsel), for defendant-appellant.
Galvano & Xanthakis, P.C., Staten Island, NY (Constantine A. Pantazis of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Fae Holdings 391077R, LLC, appeals, from (1) an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated September 4, 2018, (2) a judgment of the same court dated November 14, 2018, and (3) an order of the same court dated May 22, 2019, and the plaintiff separately appeals from the judgment and the order dated May 22, 2019. The order dated September 4, 2018, insofar as appealed from by the defendant Fae Holdings 391077R, LLC, granted those branches of the motion of the defendant Amato Quality Construction, LLC, which were for summary judgment dismissing the complaint insofar as asserted against it and dismissing the cross claims of the defendant Fae Holdings 391077R, LLC, for common-law indemnification and contribution insofar as asserted against it. The judgment, insofar as appealed from by the defendant Fae Holdings 391077R, LLC, upon the order dated September 4, 2018, is in favor of the defendant Amato Quality Construction, LLC, dismissing the complaint insofar asserted against it and dismissing the cross claims of the defendant Fae Holdings 391077R, LLC, for common-law indemnification and contribution insofar as asserted against it. The judgment, insofar as appealed from by the plaintiff, upon the order dated September 4, 2018, is in favor of the defendant Amato Quality Construction, LLC, dismissing the complaint insofar as asserted against it. The order dated May 22, 2019, insofar as appealed from by the defendant Fae Holdings 391077R, LLC, upon reargument, adhered to the original determination in the order dated September 4, 2018, granting those branches of the motion of the defendant Amato Quality Construction, LLC, which were for summary judgment dismissing the complaint insofar as asserted against it and dismissing the cross claims of the defendant Fae Holdings 391077R, LLC, for common-law indemnification and contribution insofar as asserted against it. The order dated May 22, 2019, insofar as appealed from by the plaintiff, upon reargument, adhered to the original determination in the order dated September 4, 2018, granting that branch of the motion of the [*2]defendant Amato Quality Construction, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff's notice of appeal from the order dated September 4, 2018, is deemed to be a notice of appeal from the judgment (see CPLR 5512[a]).
ORDERED that the appeal by the defendant Fae Holdings 391077R, LLC, from the order dated September 4, 2018, is dismissed; and it is further,
ORDERED that the appeal by the defendant Fae Holdings 391077R, LLC, from so much of the judgment as dismissed the complaint insofar as asserted against the defendant Amato Quality Construction, LLC, is dismissed; and it is further,
ORDERED that the judgment is reversed insofar as appealed from by the plaintiff and insofar as reviewed on the appeal by the defendant Fae Holdings 391077R, LLC, on the law, those branches of the motion of the defendant Amato Quality Construction, LLC, which were for summary judgment dismissing the complaint insofar as asserted against it and dismissing the cross claims of the defendant Fae Holdings 391077R, LLC, for common-law indemnification and contribution insofar as asserted against it are denied, the order dated September 4, 2018, is modified accordingly, and the order dated May 22, 2019, is vacated; and it is further,
ORDERED that the appeals from the order dated May 22, 2019, are dismissed as academic in light of the determination of the appeals from the judgment; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
The appeals by the defendant Fae Holdings 391077R, LLC, from so much of the order dated September 4, 2018, as granted that branch of the motion of the defendant Amato Quality Construction, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it, and from so much of the judgment as dismissed the complaint insofar as asserted against the defendant Amato Quality Construction, LLC, must be dismissed on the ground that the defendant Fae Holdings 391077R, LLC, is not aggrieved by those portions of the order dated September 4, 2018, and the judgment (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144). The appeal by the defendant Fae Holdings 391077R, LLC, from so much of the order dated September 4, 2018, as granted that branch of the motion of the defendant Amato Quality Construction, LLC, which was for summary judgment dismissing the cross claims of the defendant Fae Holdings 391077R, LLC, for common-law indemnification and contribution insofar as asserted against it must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that portion of the order dated September 4, 2018, are brought up for review and have been considered on the appeal by the defendant Fae Holdings 391077R, LLC, from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff allegedly sustained injuries when she tripped on a rectangular-shaped hole in the sidewalk in front of property owned by the defendant Fae Holdings 391077R, LLC (hereinafter Fae Holdings). The defendant Amato Quality Construction, LLC (hereinafter Amato), had previously performed work on the sidewalk for Fae Holdings.
The plaintiff commenced this personal injury action against Fae Holdings and Amato, among others. Fae Holdings's answer included, inter alia, cross claims for common-law indemnification and contribution against Amato. Amato thereafter moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it and dismissing the cross claims for common-law indemnification and contribution asserted by Fae Holdings against it. The Supreme Court, inter alia, granted those branches of Amato's motion and judgment was entered accordingly. The plaintiff and Fae Holdings separately moved for leave to reargue their respective oppositions to Amato's motion. Upon reargument, the Supreme Court adhered to its prior determination. The plaintiff appeals, and Fae Holdings separately appeals.
"A contractor may be [held] liable for an affirmative act of negligence which results [*3]in the creation of a dangerous condition upon a public street or sidewalk" (Sturm v Myrtle Catalpa, LLC, 149 AD3d 1130, 1132 [internal quotation marks omitted]). Here, Amato failed to establish its prima facie entitlement to judgment as a matter of law.
At his deposition, Victor Amato, Amato's owner, testified that his company had replaced a portion of the sidewalk at the subject location. When he was shown a photograph of the rectangular-shaped depression that allegedly caused the plaintiff's fall, Victor Amato said that he would not have left a hole like that unaddressed, and then clarified that he "definitely did not leave a hole for someone to fall." He acknowledged, however, that a two-by-four had been installed as a vertical "stake" to support a form that was used when the concrete was poured, and that he or one of his employees would have removed the stake after the concrete had set.
Moreover, at her deposition, the plaintiff testified that she had not seen the hole because, from the direction she was walking, it was on the other side of an uneven, or sloped, portion of the sidewalk. Victor Amato admitted that this slope had been created deliberately (through a process known as "feathering") because the new portion of the sidewalk was at a different height from the existing sidewalk.
In light of this testimony, Amato failed to satisfy its prima facie burden of demonstrating that it did not create the allegedly dangerous condition that caused the plaintiff's accident (see Morris v City of New York, 143 AD3d 681, 682-683; Hayes v DeMicco Bros., Inc., 34 AD3d 641, 642). Furthermore, Fae Holdings's purported acceptance of Amato's work does not immunize Amato from liability when there is evidence Amato created the defect (see Sturm v Myrtle Catalpa, LLC, 149 AD3d 1130).
Since Amato failed to meet its initial burden as movant, it is not necessary to review the sufficiency of the opposing papers of the plaintiff and Fae Holdings (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, the Supreme Court should have denied those branches of Amato's motion which were for summary judgment dismissing the complaint insofar as asserted against it and dismissing the cross claims for common-law indemnification and contribution asserted by Fae Holdings against it.
DILLON, J.P., BARROS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court