Rosa v City of New York (2023 NY Slip Op 01814)

Rosa v City of New York

2023 NY Slip Op 01814

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2020-08811
 (Index No. 506769/14)

[*1]Nelson Rosa, respondent, 
v
City of New York, et al., defendants, Perfetto Enterprises Co., Inc., appellant.

Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Kristen A. Carroll and Nicholas Hurzeler of counsel), for appellant.
The Law Offices of Michael S. Lamonsoff, PLLC, New York, NY (Stacey Haskel of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Perfetto Enterprises Co., Inc., appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated October 29, 2020. The order denied that defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against, among others, the defendant Perfetto Enterprises Co., Inc. (hereinafter the defendant), to recover damages for personal injuries that he allegedly sustained when the sidewalk underneath his left foot suddenly broke, causing him to fall. The Supreme Court denied the defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against it. The defendant appeals.
"A contractor may be held liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk" (Walton v City of New York, 105 AD3d 732, 732; see McGee v City of New York, 161 AD3d 1062). Here, the defendant established, prima facie, that it did not perform any work in the area where the plaintiff's accident occurred and that it did not create the alleged defect (see Ocello v City of New York, 194 AD3d 828, 828-829; Arena v City of New York, 192 AD3d 738, 739; Cino v City of New York, 49 AD3d 796, 797). In opposition, however, the plaintiff submitted documentary evidence which raised triable issues of fact as to whether the defendant performed work in close proximity to the accident site and whether the defendant created the condition that caused the plaintiff to fall (see Brito v Stratford Five Realty, LLC, 118 AD3d 472, 472-473; Cucuzza v City of New York, 2 AD3d 389, 391).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against it.
BARROS, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court