**Gruber v Hallen Constr. Co., Inc.**

2025 NY Slip Op 31028(U)

March 24, 2025

Supreme Court, Kings County

Docket Number: Index No. 507974/2018

Judge: Lisa S. Ottley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS – PART 24
-----------------------------------------------------------------------x
EDWARD GRUBER,

                   Plaintiff,                            Index # 507974/2018

          -against-                              __Decision and Order__

                                                           Motion Seq. #s 7 and 8

THE HALLEN CONSTRUCTION CO., INC.,
NATIONAL GRID, VERIZON NEW YORK,
and CONSOLIDATED EDISON COMPANY OF NEW
YORK, INC.,
                   Defendants.
-----------------------------------------------------------------------x

**HON. LISA S. OTTLEY**

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this Notice of Motion for Summary Judgment submitted on September 9, 2024.

| Papers | Numbered |
|---|---|
| Notice of Motion and Affirmation ......................................... | 1, 2 [Exh. A-G]; 8, 9 [Exh. A-N] |
| Affirmation/Affidavit in Opposition...................................... | 4, 5 [Exh. A-D]; 10, 11 [Exh. A-D] |
| Reply Affirmations................................................................ | 6, 7; 12, 13 |
| Memoranda of Law............................................................... | 3 |

       Plaintiff, Edward Gruber, commenced this action due to a trip and fall as a result of a raised, condition on a roadway, which occurred on 14th Avenue near the intersection of 49th Street, in Brooklyn, New York, on or about January 26, 2018. Plaintiff alleges that he tripped and fell on a raised metal plate covering an excavation in the crosswalk as he was crossing 14th Street. The defendant, Consolidated Edson Company of New York, Inc., was granted summary judgment dismissing the plaintiff's complaint, pursuant to the order of this court, dated September 9, 2024.

Hallen and National Grid's Motion

       The defendants, The Hallen Construction co., Inc. (hereinafter, "Hallen") and National Grid USA Service Company, Inc. (hereinafter, "National Grid") move pursuant to CPLR § 3212, for an order granting summary judgment dismissing plaintiff's complaint and all cross-claims (motion seq. no. 7), on the grounds that they did not conduct work at the alleged accident site and did not create the alleged defective condition. Plaintiff and the defendant, Verizon New York (hereinafter, "Verizon"), oppose Hallen and National Grid's motion on the grounds that Hallen and National Grid have failed to make a *prima facie* showing entitling them to summary judgment

[* 1]

by failing to demonstrate that they did not create the raised condition and there remains questions of fact regarding Hallen and National Grid's liability.

Hallen is a construction company that installs, repairs and services gas mains for National Grid. Hallen and National Grid argue that they did not create hazardous conditions because they did not place the steel plate that the plaintiff claims he tripped on nor perform any work in the vicinity of the plaintiff's alleged accident, which is the crosswalk at 14th Avenue and 49th Street. The only evidence purportedly connecting Hallen to the location of the accident is barricades, which the plaintiff concedes were not present when the accident occurred but showed up for the first time a week after the accident when he went back to take photographs. In support, Hallen and National Grid have offered the deposition testimony of Hallen's foreman, John Edwards, that testified that Hallen worked on 14th Avenue between 48th and 49th Streets in August of 2017, but that work took place in the middle of the block and none of Hallen's work at that location took place in the intersection. Mr. Edwards testified that while the job involved the use of steel plates, the closest plate to the accident location would have been 100 to 150 feet away from the crosswalk where the plaintiff tripped. Hallen and National Grid further argue that any and all cross-claims for contribution should be dismissed as there is no evidence Hallen and National Grid were negligent. The cross-claims for common-law indemnification should be dismissed since any liability against Verizon is not purely vicarious, but would be based on Verizon's active fault.

In opposition, Verizon argues that its contractor, VNA, performed work on 14th Avenue between 49th Street and 50th Street, which connected two Verizon facilities from 49th Street to 50th Street and intersected the southwestern crosswalk on 14th Avenue and 49th Street. However, Verizon argues that did this work did not require any installation, construction, or paving, of any kind to be completed by Verizon on the northeastern crosswalk, which is where plaintiff fell. In support, Verizon has offered the deposition testimony and affidavit of Verizon's research consultant, Aaron Crawford. According to Mr. Crawford and Verizon's 50-foot map, VNA performed underground work from Manhole 285, located in the middle of the intersection of 14th Avenue and 49th Street to Manhole 286, located in the middle of the intersection of 14th Avenue and 50th Street.

In opposition, plaintiff argues that Hallen and National Grid failed to demonstrate that they did not perform work at the subject location. In support, plaintiff offers the deposition testimony of Hallen's foreman, Mr. Edwards, and National Grid's consultant, Walter Stone, who both identified a two-page New York City Department of Transportation (hereinafter, "NYC DOT") report/complaint, dated December 31, 2017, which stated the following:

*Would like to file a complaint in regard to road conditions in Brooklyn on 49th Street between 14 and 13 avenues closer to 14th. Some utility work was done and metal plates were put down in the middle of the street but they're [sic] not properly fastened and moved around causing danger and noise in the whole neighborhood.*

*The "Internal Agency Notes" of the report stated as follows:*

*Assigned to Insp. # 496. At 1364-1384 49th St., 1 of 6 "KS" [Keyspan] plates serving no purpose, 2" above grade & inadequately ramped thru 14th Ave crosswalk, causing trip*

2

[* 2]

*hazard to crossing pedestrians. 6 of 6 "KS" plates in roadway serving no purpose, w/o raise plow signs, with corners of plates raised 2"-3.5" above grade, after trench in Int. of 14 Ave & 49 St. was made binder to grade. NOV-D70 issued, NICA. Keith Branch of B.U.G. was notified at 04:59 on 01-02-18.*

*A second report dated May 28, 2018, stated in the "Complaint Details" as follows: mound of sand is still here two months after finishing the construction (construction for gas lines, private contractor hired by Nation grid) Location: 1380 49th Street, Brooklyn, NY*

Mr. Edwards also identified a photograph depicting a barricade that was owned by Hallen and confirmed that Hallen would use such barricades as well as National Grid barricades as part of its construction. Mr. Edwards confirmed that B.U.G. can refer to Brooklyn Union Gas, which is another name for defendant National Grid. According to Mr. Stone, National Grid purchased Keyspan in 2006 or 2007. Mr. Stone identified a document that included a work order from National Grid and Hallen beginning on January 1, 2017 and concluding January 31, 2018, the period during which plaintiff's accident occurred, which included the excavation, restoration and paving of the intersection of 14th Avenue and 49th Street, where the accident occurred.

It is well settled that to grant summary judgment, it must clearly appear that no material issue of fact has been presented. *See, Grassick v. Hicksville Union Free School District*, 231 A.D.2d 604, 647 N.Y.S.2d 973 (2nd Dept., 1996), "where the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring the trial of the action." *See also, Zuckerman v. City of New York*, 49 N.Y.2d 557, 427 N.Y.S.2d 595 (1980). The papers submitted in the context of the summary judgment motion are viewed in the light most favorable to the party opposing the motion. *See, Marine Midland Bank, N.A. v. Dino v. Artie's Automatic Transmission Co.*, 168 A.D.2d 610 (2nd Dept., 1990). If the *prima facie* showing has been met, the burden then shifts to the opposing party to present sufficient evidence to establish the existence of material issues of fact requiring a trial. *See, CPLR 3212[b]; Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320 [1986].

It is fundamental that, in order to be held liable in tort, the alleged tortfeasor must have owed the injured party a duty of care. See, *Forbes v Aaron*, 81 A.D.3d 876, 918 N.Y.S.2d 118 (2nd Dept., 2011). As a general rule, liability for a dangerous or defective condition on real property must be predicated upon ownership, occupancy, control, or special use of that property. See, *Kydd v Daarta Realty Corp.*, 60 A.D.3d 997, 877 N.Y.S.2d 352 (2nd Dept., 2009).

A contractor may be held liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk. See, *Pizzolorusso v. Metrol Mechanical, et. al.*, 205 A.D.3d 748, 168 N.Y.S.3d 103 (2nd Dept., 2022), citing, *Sturm v. Myrtle Catalpa, LLC*, 149 A.D.3d 1130, 53 N.Y.S.3d 356. Ordinarily, a defendant moving for summary judgment in a trip and fall case has the burden of establishing that it did not create the hazardous condition that allegedly caused the fall and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it. See, *Adzei v. Edward Builders*, et.al., 221 A.D.3d 639, 198 N.Y.S.3d 755 (2nd Dept., 2023).

3

[* 3]

Here, Hallen and National Grid have not satisfied their prima facie burden that they did not cause or create the alleged defect. Hallen and National Grid have provided the self-serving deposition testimony of its witnesses, Mr. Edwards and Mr. Stone, yet have failed to provide any documentary evidence demonstrating the work it admitted to performing on 14th Avenue between 48th and 49th Streets in August 2017. Accordingly, the burden never shifted to the plaintiff and Verizon to raise a triable issue of fact. See, *Winegrad v New York Univ. Med. Ctr.*, 64 N.Y.2d 851, 487 N.Y.S.2d 316 (1985). Nevertheless, there are triable issues of fact as to whether Hallen and National Grid created the dangerous condition based upon the deposition testimony of Mr. Edwards and Mr. Stone; the excavation, restoration and paving work order from National Grid and Hallen for January 1, 2017 through January 31, 2018; the photographs of the barricades; and the NYC DOT report/complaint, which identified National Grid a/k/a Brooklyn Union Gas a/k/a Keyspan as the utility company that placed metal plates at the crosswalk of 14th Ave. and 49th St., within 30 days of the date of plaintiff's fall.

Accordingly, Hallen and National Grid's motion for summary judgment is hereby denied in its entirety.

Verizon's Motion

Defendant, Verizon, moves pursuant to CPLR § 3212, for an order granting summary judgment dismissing plaintiff's complaint and all cross-claims (motion seq. no. 7), on the grounds that it did not conduct work at the alleged accident site and did not create the alleged defective condition. Plaintiff and the defendants, Hallen and National Grid, oppose Verizon's motion on the grounds that Verizon has failed to make a prima facie showing entitling it to summary judgment by failing to demonstrate that it did not create the raised condition and there remains questions of fact regarding Verizon's liability.

Plaintiff, Hallen, and National Grid argue that Verizon failed to demonstrate that it did not create the subject hazardous condition. In support, plaintiff, Hallen, and National Grid have offered the deposition testimony of Verizon's research manager, Aaron Crawford, who testified that the documents he identified confirmed that Verizon's contractor performed work, including a "cut," in the subject intersection. The cut was opened on January 18, 2018 and made final on January 29, 2018, the period during which the plaintiff's accident occurred. Mr. Crawford also identified another cut made by Verizon's contractor on January 18, 2018 in an area that included the crosswalk at the intersection of 14th Avenue and 49th Street, and made final on January 31, 2018. Plaintiff, Hallen, and National Grid further argue that Verizon is now attempting to avoid the implications of Mr. Crawford's prior deposition testimony or feign an issue of fact by annexing an affidavit from Mr. Crawford to its moving papers, whereby he admits that Verizon's contractor performed work in the subject intersection where Mr. Gruber's accident occurred, but claimed that the work did not involve the northeastern crosswalk of the intersection where the accident occurred.

Here, Verizon has satisfied its burden in making a prima facie showing of its entitlement to summary judgment by submitting evidence showing that it did not owe a duty to the plaintiff as it did not own, occupy, control, or have a special use of the subject property at the time of the accident and, thus, could not be held liable for injuries caused by the allegedly dangerous

4

conditions. See, *Mitchell v Icolari,* 108 A.D.3d 600, 969 N.Y.S.2d 503 (2nd Dept., 2013). Furthermore, Verizon's submission of the Mr. Edward's deposition and affidavit testimony in which he identified a map/drawing of the location and photographs of the crosswalks, make out Verizon's prima facie case that it had not caused or created the alleged defect, or negligently repaired the roadway where the injured plaintiff fell, since its work was confined to the "southwestern crosswalk" of the intersection of 14th Avenue and 49th Street, whereas the plaintiff allegedly fell at the "northeastern crosswalk" of 14th Avenue and 49th Street. See, *Arrucci v City of New York*, 45 A.D.3d 617, 846 N.Y.S.2d 269 (2nd Dept., 2007); *Ciavarelli v Town of Islip*, 67 A.D.3d 623, 888 N.Y.S.2d 172 (2nd Dept., 2009).

In opposition, plaintiff, Hallen, and National Grid have failed to raise a triable issue of fact as they did not offer any arguments or proof that Verizon did any work at the "northeastern crosswalk" where plaintiff fell, or alternatively, that the nature of the work in question might reasonably be expected to require activity beyond the "southwestern crosswalk" and into the "northeastern crosswalk." The court observes that Mr. Edwards admitted in his deposition testimony that Verizon made a cut to "the subject intersection" and "the crosswalk." The court further observes that Mr. Edwards specified and clarified in his affidavit that the "crosswalk" he was referring to in his deposition testimony was the "southwestern crosswalk," which the court does not consider feigning an issue of fact. The court notes that the plaintiff fell on the "northeast crosswalk" of the intersection of 14th Avenue and 49th Street, which is comprised of four crosswalks (northeast, southeast, southwest, and northwest) but plaintiff, Hallen, and National Grid have failed to address which "crosswalk" the plaintiff fell on versus which "crosswalk" Verizon conducted work on. Instead, plaintiff, Hallen, and National Grid exclusively focus on Verizon's admission to conducting work on "the crosswalk" without setting forth any arguments or providing proof that Verizon performed work on the "northeast crosswalk" where plaintiff fell. Nor is any argument advanced by plaintiff, Hallen, and National Grid as to Verizon's work on the "southwest crosswalk" being in reasonable proximity to the "northeast crosswalk." As such, the court finds that Verizon's work in relation to manholes 285 and 286 and the "southwestern crosswalk" is not in reasonable proximity to the location of plaintiff's alleged accident on the "northeastern crosswalk." See, *Rosa v. City of New York, et. al.*, 215 A.D.3d 707, 187 N.Y.S.3d 685 (2nd Dept., 2023).

Accordingly, Verizon's motion for summary judgment is hereby granted in its entirety.

This constitutes the decision and order of this Court.

Dated:  Brooklyn, New York
        March 24, 2025

HON. LISA S. OTTLEY, J.S.C.
HON. LISA S. OTTLEY

2025 MAR 28  A 8: 38

FILED
KINGS COUNTY CLERK