Villanueva v Mennonite United Revival Hous. Dev. Fund Corp. (2025 NY Slip Op 05010)

Villanueva v Mennonite United Revival Hous. Dev. Fund Corp.

2025 NY Slip Op 05010

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-09487
 (Index No. 10103/14)

[*1]Carmen Villanueva, appellant, 
v
Mennonite United Revival Housing Development Fund Corp., et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Eric D. Feldman, New York, NY (Michael J. Kozoriz of counsel), for respondents Mennonite United Revival Housing Development Fund Corp., Mennonite United Revival Apartments, L.P., Procida Construction Corp., and Ridgewood Bushwick Senior Citizens Counsel, Inc.
Wade Clark Mulcahy LLP, New York, NY (Georgia G. Coats of counsel), for respondent Top Grade Excavating New York, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated July 20, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant Top Grade Excavating New York, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against it and granted that branch of the cross-motion of the defendants Mennonite United Revival Housing Development Fund Corp., Mennonite United Revival Apartments, L.P., Procida Construction Corp., and Ridgewood Bushwick Senior Citizens Counsel, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff allegedly was injured when she tripped and fell on a 1-foot wide by 2.5-foot long piece of wood laying across the public sidewalk adjacent to a construction site located at 422-428 Melrose Street in Brooklyn. Thereafter, the plaintiff commenced this action to recover damages for personal injuries against the owners of the construction site, the defendants Mennonite United Revival Housing Development Fund Corp., Mennonite United Revival Apartments, L.P., and Ridgewood Bushwick Senior Citizens Counsel, Inc. (hereinafter collectively the Mennonite defendants), the general contractor for the construction site, the defendant Procida Construction Corp. (hereinafter Procida), and a subcontractor, the defendant Top Grade Excavating New York, Inc. (hereinafter Top Grade). Following discovery, Top Grade moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it, and the Mennonite defendants and Procida cross-moved, among other things, for summary judgment dismissing the [*2]amended complaint insofar as asserted against them. In an order dated July 20, 2023, the Supreme Court, inter alia, granted those branches of the motion and cross-motion. The plaintiff appeals.
"A property owner has a duty to maintain his or her property in a reasonably safe condition" (Torres v La Borinquena HDFC, Inc., 229 AD3d 830, 831; see Basso v Miller, 40 NY2d 233, 241). Moreover, "'[a] contractor may be [held] liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk'" (Cardillo v 3707, LLC, 236 AD3d 730, 731, quoting Sturm v Myrtle Catalpa, LLC, 149 AD3d 1130, 1132; see Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d 780, 781). "However, 'there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous'" (Cortes v King Kullen Grocery Co., Inc., 210 AD3d 949, 950, quoting Lebron v City of New York, 208 AD3d 656, 657; see Torres v La Borinquena HDFC, Inc., 229 AD3d at 831). "'The determination of [w]hether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances, and whether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each case'" (Torres v La Borinquena HDFC, Inc., 229 AD3d at 831 [internal quotation marks omitted], quoting Brett v AJ 1086 Assoc., LLC, 189 AD3d 1153, 1154).
Here, Top Grade and the Mennonite defendants and Procida established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against each of them by demonstrating that the piece of wood that caused the plaintiff to fall was open and obvious and not inherently dangerous (see id.; Hayward v Zoria Hous., LLC, 187 AD3d 997, 998; Swinney v Nassau County, 179 AD3d 731, 732). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of Top Grade's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it and properly granted that branch of the cross-motion of the Mennonite defendants and Procida which was for summary judgment dismissing the amended complaint insofar as asserted against them.
In light of our determination, we need not reach the parties' remaining contentions.
CONNOLLY, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court